MEYER *v.* FIRST NATIONAL BANK ET AL.

[No. 12,637. Filed March 17, 1927.]

1. APPEAL.—*Appellate tribunal will not review any question depending on the evidence where it is not set out in appellant's brief.*—Where appellant's brief contains no recital of the evidence, an appellate tribunal will not review any question depending on the evidence, as it will not search the record to reverse a judgment. p. 11.

2. APPEAL.—*Objections to testimony of conversations in absence of appellant not reviewed where absence shown only by objections.*—No question is presented on appeal as to admission of testimony as to conversations with a decedent on the ground

that appellant was not present, where the absence of appellant is shown only by the objections to the questions. p. 12.

3.  APPEAL.—No question is presented on appeal as to the admission of testimony where no exception was reserved to the rulings of the objections to questions. p. 12.

4.  APPEAL.—*Joint objections and exceptions not available to a single appellant.*—Error in admitting incompetent testimony is not available to an appellant when the objections and exceptions were joint objections and exceptions by appellant and another. p. 12.

From Daviess Circuit Court; *Milton S. Hastings,* Judge.

Action by the First National Bank of Vincennes against Henry L. Meyer and Jacob L. Riddle, in which Anna M. Meyer, executrix, and another were made defendants, and in which the two defendants first named filed cross-complaints against said Anna M. Meyer. The defendant Henry L. Meyer also filed a cross-complaint against his codefendant Riddle. Judgment for the plaintiff was rendered on the complaint and in favor of Jacob L. Riddle on the cross-complaint against Anna M. Meyer, from which she appeals. *Affirmed.* By the court in banc.

*W. W. Smith,* for appellant.

*Seymour Riddle* and *Emison & Hoover,* for appellees.

McMAHAN, C. J.—Action by First National Bank of Vincennes against Henry L. Meyer and Jacob L. Riddle on a promissory note signed by them as sureties for Ernest G. Meyer, since deceased. Later, on application of the two named defendants, Mary E. Meyer, as executrix of Ernest G. Meyer, and appellant Anna M. Meyer were made defendants. Appellee Riddle filed a cross-complaint against Henry L. Meyer and Anna M. Meyer alleging that Ernest G. Meyer was the principal on the note and the defendants Riddle and Henry L. Meyer sureties; that Ernest G. Meyer had caused his life to be insured and had named his mother, Anna M. Meyer,

beneficiary, for the purpose of creating a fund, in case of his death, with which to pay the note in suit; that the amount of said policy had been paid to appellant and that she held it as trustee for the purpose of paying the note.

Henry L. Meyer, father of Ernest G. and husband of Anna M. Meyer, filed a cross-complaint against Riddle, alleging that the latter had been named as beneficiary in a certain other policy of insurance, and that he had collected the amount of the policy and held it as trustee for the payment of the note in question.

There was a judgment in favor of the bank against the two sureties for the amount of the note, and in favor of the cross-complainant Riddle against appellant that the money received by her on said policy was a trust fund for the payment of the note and directing her to pay the amount thereof to the clerk to be applied on the judgment. There also was a finding and judgment in favor of Riddle on the cross-complaint of Meyer. Anna M. Meyer, appealing, contends the court erred in overruling her separate motion for a new trial.

While appellant says the main question is whether she holds the money collected by her on the insurance policy in her own right or as trustee, her briefs filed herein contain no recital of the evidence as required by the rules of this court. Indeed, no attempt has been made to set out the evidence so as to present this question, and we decline to search the record in order to find ground for reversal.

1. 

Appellant next contends the court erred in admitting in evidence the testimony of Jacob L. Riddle and Mary E. Meyer as to a conversation with Ernest G. Meyer. The objection to the introduction of this evidence is that the conversation about which the witnesses testified was had in the absence of appellant.

No part of the evidence is set out in appellant's brief

except the questions and answers of which appellant complains. There is no evidence that the conversations in question were had in the absence of appellant. The only intimation that appellant was not present and did not take part in the conversations about which the witnesses testified is that which is contained in the objections made to the questions. This is not sufficient to present any question. It does appear from the answers to some of the questions to which objections were made that appellant was present at one of the conversations testified to by each of the witnesses. Of the questions of which complaint is made, two were not answered; no exception was reserved to the action of the court in overruling the objections to two of them, and the objections and exceptions to the remaining six questions were joint objections and joint exceptions by appellant and her husband Henry L. Meyer.

No error being shown, the judgment is affirmed.

Dausman, J., absent.